UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

MANN DESIGN LTD.,

Plaintiff,

v.

BOUNCE, INC., d/b/a
The Kong Company,

Defendant.

CIVIL NO. 00-1159 (RHK/JMM)

**AMENDED** PRETRIAL
SCHEDULING ORDER

Pursuant to Rule 16 of the Federal Rules of Civil Procedure and the Local Rules of this Court, and in order to secure the just, speedy and inexpensive determination of this action, the following schedule shall govern these proceedings. The schedule may be modified only upon formal motion and a showing of good cause as required by Local Rule 16.3.

Pleadings/Disclosures

**April 1, 2001** - All pre-discovery disclosures required by Rule 26(a)(1) shall be completed.

November 1, 2000 - All motions which seek to amend the pleadings or add parties must be served and filed.

Markman Hearing

The parties shall adhere to the following agreed upon deadlines regarding Markman claim construction procedures:

**September 1, 2001** - Each party shall file a Joint Claim Construction Statement which shall contain the following information:

a) The construction of those claims and terms on which the parties agree;

Filed MAR - 7 2001
Francis E. Dosal, Clerk
Judgment Entered ______
Deputy Clerk's Initials ______

b) Each party's proposed construction of each disputed claim and term, supported by any extrinsic evidence that supports the proposed construction of the disputed term, including but not limited to, expert testimony, inventor testimony, dictionary definitions, and citations to learned treatises as permitted by law;

c) For any party which desires to call one or more witnesses at the claims construction hearing, the identity of each such witness, the subject matter of each witness' testimony, and an estimate of the time required for the testimony.

**September 23, 2001** - Defendant shall file and serve its opening claim construction brief on disputed claim terms. This filing shall include any extrinsic evidence that supports the proposed construction of the disputed term, including but not limited to, expert testimony, inventor testimony, dictionary definitions, and citations to learned treatises as permitted by law.

**October 16, 2001** - Plaintiff shall file and serve its responsive claim construction brief on disputed claim terms. This filing shall include any extrinsic evidence that supports the proposed construction of the disputed terms, including but not limited to, expert testimony, inventor testimony, dictionary definitions, and citations to learned treatises as permitted by law.

**October 23, 2001** - Defendant shall file and serve its reply claim construction brief on disputed claim terms.

**November 1, 2001** - The parties shall cause the hearing on the Markman issue to be held by this date.

Discovery/Nondispositive Motions

**December 1, 2001** - All non-expert discovery shall be commenced in time to be completed by this date.

**March 1, 2002** - All discovery of any kind shall be commenced in time to be completed by this date.

**March 5, 2002** - All non-dispositive motions and supporting documents, including those which relate to discovery, shall be served and filed. Nondispositive motions may be scheduled for hearing by calling Katherine Haagenson, Calendar Clerk to Magistrate Judge John M. Mason, (651) 848-1190. All nondispositive motions shall be scheduled, filed and served

in compliance with Local Rules 7.1, 37.1 and 37.2. A Reply Memorandum not exceeding five pages may be delivered to opposing counsel and the chambers of this Court no later than 9:00 a.m. on the business day preceding the hearing.

Dispositive Motions/Trial

**May 1, 2002** - All dispositive motions shall be served and filed by the parties and heard by the Court. Counsel are reminded that they must anticipate the time required for scheduling this hearing by calling Calendar Clerk Deb Siebrecht, (651) 848-1166. All dispositive motions shall be scheduled, filed and served in compliance with Local Rule 7.1. See particularly Local Rule 7.1(b)(2)(A) through (E).

This case shall be ready for Jury trial at the conclusion of discovery or upon resolution of any dispositive motion, and no later than **July 1, 2002.**

General

The Court does not expressly alter or establish the number of depositions or written discovery devices which may be employed by the parties. The attention of the parties is called to the provisions of Rule 26(g)(2). If necessary, the Court will rule on objections to specific discovery. See also Rule 26(g)(3) and Rule 37(a)(4).

Each party may depose no more than 5 experts.

Each party may call no more than 5 experts at trial.

Dated: March 7, 2001

JOHN M. MASON
United States Magistrate Judge