UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Mann Design Ltd.,

Plaintiff,

v.

Bounce, Inc., d/b/a The Kong Company,

Defendant.

Civ. No. 00-1159 (RHK/JMM)
**MEMORANDUM OPINION AND ORDER**

---

Emmett McMahon and Christopher J. Sorenson, Robins, Kaplan, Miller & Ciresi L.L.P., Minneapolis, Minnesota, for Plaintiff.

Mathias W. Samuel and Greg A. McAllister, Fish & Richardson, P.C., P.A., Minneapolis, Minnesota, for Defendant.

---

## INTRODUCTION

In this patent action involving pet toys, the parties are currently disputing whether issues of the validity, enforceability and infringement of several patents are more properly litigated here or in Colorado. Plaintiff Mann Design Ltd. ("Mann") is a Minnesota corporation. Defendant Bounce, Inc. ("Bounce") is a Colorado corporation. Presently before the Court is Bounce's motion to dismiss or, in the alternative, to stay the above captioned action. Together with that motion, Bounce has filed an Amended Statement of Non-Liability. For the reasons set forth below, the Court will grant the motion.



FILED MAR 20 2001
FRANCIS E. DOSAL CLERK
JUDGMENT ENTD
DEPUTY CLERK

## BACKGROUND

Mann has designed and manufactures a "Biscuit Bouncer," a ball-shaped rubber pet toy that features a "Treat Trapper," a niche into which the dog's owner can insert a dog biscuit. Bounce owns all right, title and interest to United States Patent No. 5,947,061 ("the '061 patent"), which describes a chewable pet toy with "treat receiving receptacles" -- i.e., a rubber chew toy with a hollow center and niches into which a dog's owner can insert dog biscuits. On April 28, 2000, Defendant Bounce, Inc. ("Bounce") sent a letter to Mann demanding that Mann cease and desist from selling certain pet toys, including the "Biscuit Bouncer" and "The Big Kahuna" on the grounds that they infringed the '061 patent.[1]

On May 8, 2000, Mann brought suit in this Court seeking a judgment declaring that the '061 patent is invalid, unenforceable, and not infringed. Bounce filed an Answer and Counterclaim on July 12, 2000, alleging that Mann's "Biscuit Bouncer" product infringed at least one claim of the '061 patent. On October 10, 2000, the United States Patent and Trademark Office issued United States Patent No. 6,129,053 ("the '053 patent") to Bounce. The '053 patent is a continuation of the '061 patent.

In December of 2000, Bounce took two actions that Bounce asserts shifts the forum for the litigation between the parties to Colorado. First, on December 4, 2000,

---

[1] It appears from Exhibit B to Bounce's Counterclaim (a printout of Mann's web page regarding its "Biscuit Bouncer" product) that the "Big Kahuna" is the jumbo-size version of the product being sold as the "Biscuit Bouncer."

Bounce brought suit against Mann in the United States District Court for the District of Colorado, alleging that Mann's products had infringed two other patents to which Bounce claims to have right, title, and interest: United States Patent Nos. 388,559 (the '559 patent) and the '053 patent.[2] Second, on December 6, 2000, Bounce executed and filed a Statement of Non-liability with this Court which states

> Plaintiff Mann Design Ltd. ("Mann") has no liability to Defendant Bounce, Inc. ("Bounce"), or any successors-in-interest to U.S. Patent No. 5,947,061, for any past or present infringement of any claims of U.S. Patent No. 5,947,061 by products currently or previously advertised, manufactured, marketed or sold by Mann, and Bounce, and any successors-in-interest to U.S. Patent No. 5,947,061, unconditionally agree not to sue Mann for any past or present infringement of any claims of U.S. Patent No. 5,947,061 by products currently or previously advertised, manufactured, marketed or sold by Mann.

(Statement of Non-Liability (Doc. No. 16).) Together with the Statement of Non-liability, Bounce filed a motion to dismiss both the plaintiff's Complaint and its own Counterclaim for lack of subject matter jurisdiction on the grounds that it had "unilaterally eliminated any case or controversy" between Bounce and Mann regarding the '061 patent.

On December 14, 2000, Mann filed a second lawsuit in this Court, this time seeking a declaratory judgment of invalidity, unenforceability, and non-infringement regarding the '559 patent and the '053 patent. Mann then sought either to consolidate the first and second Minnesota lawsuits or to amend its Complaint in the above-captioned

---

[2] Although Bounce indicates in its memorandum that it acquired the '559 patent, it is unclear when that occurred.

action to add claims and allegations regarding the '559 patent and the '053 patent.

The undersigned heard oral arguments on the parties' motions on January 19, 2001. The Court ruled that Bounce's Statement of Non-Liability failed to deprive this Court of subject matter jurisdiction over Mann's May 8 Complaint because Bounce had only promised not to sue Mann "for any past or present infringement of any claims of U.S. Patent No. 5,947,061 by products currently or previously advertised, manufactured, marketed or sold by Mann." Bounce's Statement of Non-Liability had not "forever estopped" Bounce from suing Mann for future infringement of the '061 patent if Mann's conduct continued; accordingly, Mann still had a "reasonable apprehension" of suit and jurisdiction still existed. The Court also granted Mann leave to amend its May 8 Complaint to assert claims for a judgment declaring the '559 and the '053 patents to be invalid, unenforceable and non-infringed. The Court deemed the Amended Complaint to have been filed and served as of January 19, 2000.

On February 9, 2001, Bounce executed and filed an Amended Statement of Non-Liability" in which Bounce promised not to sue Mann "for any past or present or future infringement of any claims of U.S. Patent No. 5,947,061 by products currently or previously advertised, manufactured, marketed or sold by Mann." On the same day, Bounce filed a motion for an order dismissing with prejudice Count I of the Amended Complaint pursuant to Rule 12(b)(1) and dismissing without prejudice Counts II and III of the Amended Complaint (seeking a declaratory judgment on the '559 and the '053

patents).[3] In the alternative, Bounce asks that this Court stay proceedings on Counts II and III of the Amended Complaint pending resolution of the litigation in Colorado.

## ANALYSIS

### I. Dismissal of Count I (Declaratory Judgment regarding the '061 patent)

Bounce moves to dismiss Count I of the Amended Complaint for lack of subject matter jurisdiction on the grounds that, in light of the Amended Statement of Non-Liability, there is no longer any "actual case or controversy" between the parties vis-a-vis the '061 patent. As another district court in the Eighth Circuit has succinctly stated:

> The existence of an actual controversy is an absolute predicate for declaratory judgment jurisdiction. . . . As the Federal Circuit Court of Appeals has noted: "[t]he 'actual controversy' requirement is met only if there is a justiciable case or controversy in the constitutional sense." GAF Bldg. Materials Corp., 90 F.3d at 481 (quoting Jervis B. Webb Co. v. Southern Sys., Inc., 742 F.2d 1388, 1398 (Fed.Cir.1984)) ("[T]he case or controversy requirement for declaratory judgment jurisdiction has been defined to be the same as the case or controversy requirement in the constitutional sense.").

Med-Tec, Inc. v. Kostich, 980 F.Supp. 1315, 1323 (N.D. Iowa 1997) (citations omitted).

---

[3] On March 6, 2001, Mann brought an expedited motion before Magistrate Judge Mason for leave to file a Second Amended Complaint. The Second Amended Complaint adds two counts which seek a declaration that two other patents allegedly owned by Bounce – United States Patent Nos. 5,813,366 and 5,832,877 – are invalid, unenforceable and not infringed by Mann. (Doc. No. 32.) On March 14, 2001, Magistrate Judge Mason granted Mann's motion and directed that the Second Amended Complaint be filed and served no later than March 19, 2001. (Doc. No. 40.) The allegations in Counts I through III of the Second Amended Complaint are identical to those in Counts I through III of the Amended Complaint, the subject of Bounce's present motion to dismiss. Accordingly, the Court's reasoning applies with equal force to the Second Amended Complaint, and the Court will rule with respect to the Second Amended Complaint.

To establish an "actual controversy" for a declaratory judgment action seeking a ruling of non-infringement or invalidity, the declaratory judgment plaintiff must meet a two prong test. "First, the accused infringer must have actually produced or prepared to produce an allegedly infringing product. . . . Second, the patent holder's conduct must create an objectively reasonable apprehension on the part of the accused infringer that the patent holder will initiate suit if the allegedly infringing activity continues." Spectronics Corp. v. H.B. Fuller, 940 F.2d 631, 634 (Fed.Cir.) (citations omitted), cert. denied, 502 U.S. 1013 (1991). The first prong of this test is not in dispute – Mann Design is producing an allegedly infringing product. Bounce's motion depends upon whether its Amended Statement of Non-Liability removes from Mann Design any "reasonable apprehension" of suit. The Court concludes that it does.

The Federal Circuit has held that "a patentee defending against an action for a declaratory judgment of invalidity can divest the trial court of jurisdiction over the case by filing a covenant not to assert the patent at issue against the putative infringer." Super Sack Mfg. Corp. v. Chase Packaging Corp., 57 F.3d 1054, 1058 (Fed. Cir. 1995). The patent holder's covenant must cover past, present and future claims arising out of the putative infringer's past and current activities; the court can then say that the patent holder is "forever estopped" from asserting the patent. See Spectronics, 940 F.2d 636. The Amended Statement of Non-Liability accomplishes this. Mann no longer faces a "reasonable apprehension" that Bounce could sue Mann for infringement of the '061

patent if Mann continues its present conduct. There is no longer an actual controversy with respect to the '061 patent and, accordingly, the Court will dismiss with prejudice both Count I of the Second Amended Complaint and the Counterclaim filed by Bounce, which alleges infringement of the '061 patent.

## II. Dismissal of Counts II and III (Declaratory Judgment regarding the '559 and the '053 patents)

In general, as between a patent infringement action and its mirror image declaratory judgment action, courts favor the forum of the "first-filed" action, regardless of whether it is the declaratory action. Genentech, Inc., v. Eli Lilly & Co., 998 F.2d 931, 937-38 (Fed. Cir. 1993). Bounce argues that Counts II and III of the Amended Complaint, involving Bounce's '559 and '053 patents, must be dismissed under the "first-filed" rule because the lawsuit Bounce commenced on those patents in Colorado was the first to be filed. Mann responds that the Minnesota action is the "first-filed" action with respect to "the subject matter in the '061 Patent family." (Mann Mem. Opp'n Mot. to Dismiss at 3.) Mann further contends that the allegations in the Amended Complaint regarding the '559 and '053 patents "relate back" to the date of the original pleading because the added allegations "arise out of the conduct, or occurrence set forth in Mann's original Complaint." (Id.)

The Federal Circuit has not yet determined whether or under what circumstances the "relation back" doctrine applies to patent infringement claims where the amendment

adds claims involving different patents. A few district courts have considered the question, however, and have held that a claim for the alleged infringement of one patent is the same "conduct or occurrence" as a claim for the alleged infringement of another patent only where "the second patent was 'part and parcel' of the controversy surrounding the earlier patent." Hooker Chems. & Plastics Corp. v. Diamond Shamrock Corp., 87 F.R.D. 398, 403 (W.D.N.Y. 1980) (discussing Cosden Oil & Chem. Co. v. Foster Grant Co., 432 F. Supp. 956, 960 (D. Del. 1977)); see also Illinois Tool Works v. Foster Grant Co., Inc., 395 F. Supp. 234, 250-51 (N.D. Ill. 1974) ("[a]n alleged infringement of one patent is not the 'same conduct, transaction or occurrence' as the alleged infringement of another patent"); Telephonics Corp. v. Lindly & Co., 192 F. Supp. 407, 411 (E.D.N.Y. 1960) (holding that, although patent infringement paragraphs in original complaint did not refer specifically to second patent -- which had not been issued when original complaint was filed -- allegations in those infringement paragraphs laid "a sufficient foundation" to warrant relating amended complaint, which asserted claims based on second patent, back to first complaint).

The Court has virtually no evidence before it to suggest that the '559 and '053 patents could be considered "part and parcel" of the controversy surrounding the '061 patent. The only information bearing on whether either the '559 or the '053 patent is "part and parcel" of the '061 patent is the fact that the '053 patent is a continuation of the '061 patent. Obviously, that fact says nothing about the '559 patent. As for the '053

patent, it is not in the record. Therefore, the Court has nothing from which to determine to what extent the '061 patent and the '053 patent are similar. See Hooker Chems. & Plastics Corp., 87 F.R.D. at 403 (relating back claims added by amendment that arose under a continuation patent after analyzing the claims of the original patent-in-suit and the continuation patent and concluding they concern the same technology and are "similar if not completely identical"). There are no allegations in the Complaint or the Amended Complaint indicating that the products accused of infringing the '061 patent are the same as those which allegedly infringe either the '559 and '053 patents. Thus, the Court also cannot ascertain whether the claims added by amendment and the original claim under the '061 patent involve a common core of operative facts, or whether the same underlying evidence offered in support of the original claim will prove the new claim. See Telephonics Corp., 192 F. Supp. at 411; see generally 3 Moore's Federal Practice ¶ 15.19[2] at 15-83 (3d ed.) (identifying the presence of the same underlying evidence as a factor to be considered in deciding whether a claim arises out of the same conduct, transaction or occurrence).

Mann has failed to establish that Counts II and III, added to this action by the First Amended Complaint, "relate back" to the original Complaint seeking declaratory judgment as to the '061 patent. The Colorado action is therefore the "first filed." Mann has asserted, and this Court determines, that neither of the exceptions to the "first filed" rule -- the consumer-suit exception and the exception that applies when choice of forum

of the first-filed case was the result of pure forum shopping -- applies to this case. (Mann. Mem. Opp'n Mot. to Dismiss at 2.) Therefore, maintaining the litigation between the parties on the '559 and '053 patents in Colorado is appropriate. The Court will therefore dismiss Counts II and III of the Second Amended Complaint without prejudice.

**CONCLUSION**

Based on the foregoing, and all of the files, records, and proceedings herein, **IT IS ORDERED THAT** Defendant Bounce, Inc.'s Motion to Dismiss dated February 9, 2001, is **GRANTED**. Count I of the Second Amended Complaint and Count 1 of Bounce's Answer and Counterclaim are **DISMISSED WITH PREJUDICE**. Counts II and III of the Second Amended Complaint are **DISMISSED WITHOUT PREJUDICE**.

Dated March 20, 2001

RICHARD H. KYLE
United States District Judge